IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

DWIGHT D. MITCHELL, *Individually*  :
*and on behalf of other similarly*
*situated employees*                :

     v.                             :    Civil Action No. DKC 16-3172

                                    :
FEDERAL EXPRESS CORPORATION
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this labor case is the motion to dismiss filed by Defendant Federal Express Corporation ("Defendant").  (ECF No. 7).  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be denied.

**I.   Background**[1]

Defendant is an international corporation in the package courier industry.  (ECF No. 1 ¶ 2).  Defendant hired Plaintiff Dwight Mitchell ("Plaintiff") as a Security Specialist in 2006 and promoted him to Senior Security Specialist in November 2008.  (*Id.* ¶ 20).  As a Security Specialist, Plaintiff's job "primarily entailed investigating and implementing corrective action plans regarding workplace violence and theft, as well as

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

investigating and attempting to resolve pilferages, acts of vandalism, misconduct, security policy violations and other activities detrimental to the FedEx brand." (*Id.* ¶ 24). When Plaintiff became a Senior Security Specialist, in addition to the duties associated with a Security Specialist, he began handling customer complaints and investigating problems with deliveries. (*Id.* ¶ 25). For performing this work, Plaintiff receives an annual salary. (*Id.* ¶¶ 38-41).

Outside his normal work schedule, on weekends and on weekdays after his shift, Plaintiff is "on-call" for security and safety issues. (*Id.* ¶ 45). While on-call, Plaintiff must remain within certain geographical limits and is prohibited from drinking alcohol, because he could be required to handle urgent work issues as they arise. (*Id.* ¶ 46). On average, Plaintiff receives between two and three calls per day after his shift has ended, and each call can take anywhere from a few minutes to a few hours to resolve. (*Id.* ¶ 48). Although Plaintiff consistently works fifty to sixty hours per week (*id.* at 49), he does not receive any overtime wages for hours worked over forty hours per week (*id.* ¶ 50). Defendant has an on-call policy whereby employees required to be on-call are provided with compensatory time off. (*Id.* ¶ 51). Under this policy, on-call employees can receive a lump sum payment for compensatory time

with the approval of a manager (*id.*), however, Plaintiff has never received a payment for his on-call time (*id.* ¶ 53).

On September 16, 2016, Plaintiff filed the complaint on behalf of himself and similarly situated employees to recover unpaid wages for overtime work.  Plaintiff alleges that Defendant's failure to pay him overtime wages for hours worked outside his normal schedule violated the overtime provisions in the FLSA, 29 U.S.C. § 207(a) (Count I), and the Maryland Wage and Hour Law ("MWHL"), Md.Code Ann., Lab. & Empl. §§ 3-415, 3-420(a) (Count II), which require that employers compensate employees at one and one-half times their regular rate of pay for each hour worked in excess of forty each week.  (ECF No. 1 ¶¶ 81, 86-87).  Defendant moved to dismiss the complaint for failure to state a claim (ECF No. 7) and filed a memorandum in support (ECF No. 8) on December 9.  Plaintiff responded (ECF No. 12), and Defendant replied (ECF No. 13).

**II.  Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.  *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).  A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of

entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in the complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The statutory exemptions to an FLSA claim are affirmative defenses, and the employer bears the burden of establishing the applicability of those exemptions. *In re Food Lion, Inc.*, No. 94-2360, 1998 WL 322682, at *4 & n.9 (4th Cir. June 4, 1998) (unpublished table opinion); *Clark v. J.M. Benson Co.*, 789 F.2d 282, 286 (4th Cir. 1986). Federal preemption is also an affirmative defense for which the moving party carries the burden of proof. *Peete-Bey v. Educ. Credit Mgmt. Corp.*, 131 F.Supp.3d 422, 429 (D.Md. 2015) (citing *Bausch v. Stryker Corp.*, 630 F.3d 546, 561 (7th Cir. 2010); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 446 (4th Cir. 2005)). While affirmative defenses may be reached by a motion to dismiss filed under Rule 12(b)(6), such a motion should be granted only in the rare circumstances where facts sufficient to rule on an affirmative defense clearly appear on the face of the complaint. *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Moreover, a movant cannot merely show that the elements of the defense appear on the face of the complaint or in properly considered documents, but must also "show that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466.

**III. Analysis**

    **A.   Plaintiff's FLSA Claim**

The FLSA specifically exempts from its maximum hours provisions "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. § 213(b)(3). In the complaint, Plaintiff alleges that the "majority" of his work revolved around "servicing and maintaining the safety and security needs of employees, customers and assets." (ECF No. 1 ¶ 24). His work "primarily entailed investigating and implementing corrective action plans regarding workplace violence and theft, as well as investigating and attempting to resolve pilferages, acts of vandalism, misconduct, security policy violations and other activities detrimental to the FedEx brand." (*Id.*). He maintains that his role also included handling customer complaints and investigating problems with deliveries. (*Id.* ¶ 25). In his opposition to Defendant's motion, Plaintiff argues that whether these duties are related to Defendant's transportation activities is a question of fact that cannot be resolved on a motion to dismiss. (ECF No. 12, at 12).

Although Defendant has pointed to other cases in which courts have found that it qualifies as an air carrier, it cannot meet the high burden imposed on a defendant relying on an affirmative defense in a motion to dismiss. While "[t]he

question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law," "[t]he question of how [employees] spent their working time . . . is a question of fact."  *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986).  The applicability of the FLSA exemptions "requires an individualized determination into the actual work performed by that employee." *Williams v. Md. Office Relocators*, 485 F.Supp.2d 616, 619 (D.Md. 2007).  For good reasons, courts have been hesitant to find that the RLA exemption applies on a motion to dismiss.  *See Barrera,* 2013 WL 1217141, at *3; *Horkan v. Command Sec. Corp.*, 682 N.Y.S.2d 563, 564-65 (N.Y.Sup.Ct. 1998).  In *Barrera*, for example, a case in which the plaintiff was a security guard in several U.S. Airways employee buildings, the court denied the airline's motion to dismiss because the outcome would depend "on the full factual circumstances of when and where Plaintiff performed [which] tasks." *Barrera,* 2013 WL 1217141, at *3.  Without further development of the record as to Defendant's air transportation business and Plaintiff's job duties, a determination as to Plaintiff's status under the exemption is premature.  Accordingly, Defendant's motion to dismiss will be denied as to Count I.

    **B.  Plaintiff's MWHL Claim**

Defendant next argues that Plaintiff's MWHL claim is preempted by federal law, specifically, the Airline Deregulation

Act ("ADA"), 49 U.S.C. § 41713. The ADA prohibits any state from "enact[ing] or enforc[ing] a law, regulation, or other provision . . . related to a price, route, or service of an air carrier." *Id.* § 41713(b)(1). In interpreting the same provision in the context of the deregulated trucking industry, the Supreme Court of the United States has held:

> "(1) that "[s]tate enforcement actions *having a connection with, or reference to*," carrier " 'rates, routes, or services' are pre-empted," 504 U.S., at 384 (emphasis added); (2) that such pre-emption may occur even if a state law's effect on rates, routes, or services "is only indirect," *id.*, at 386 (internal quotation marks omitted); (3) that, in respect to pre-emption, it makes no difference whether a state law is "consistent" or "inconsistent" with federal regulation, *id.*, at 386–387 (emphasis deleted); and (4) that pre-emption occurs at least where state laws have a "significant impact" related to Congress' deregulatory and pre-emption-related objectives, *id.*, at 390.

*Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364, 370-71 (2008) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992)).[2]

---

[2] The statute at issue in *Rowe* was the preemption provision of the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), which "copied the language of the air-carrier pre-emption provision of the Airline Deregulation Act of 1978" and "did so fully aware of [the Supreme] Court's interpretation of that language." *Rowe*, 552 U.S. at 370. Courts "ha[ve] interpreted the shared language of the two statutes identically." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1051 (7th Cir. 2016) (citing *Rowe*, 552 U.S. at 370).

Defendant argues that "it is clear that Plaintiff's duties, as stated in the complaint, are encompassed within the definition of 'services' provided by Fedex." (ECF No. 13, at 14). A determination of how the MWHL's wage and hour requirements relate to or affect Defendant's prices, routes, or services also necessitates the development of a factual record. More information is required as to the how Defendant sets prices, selects routes, and provides its services. Accordingly, Defendant's motion to dismiss will be denied as to Count II.

**IV. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendant Federal Express Corporation will be denied. A separate order will follow.

               /s/
              DEBORAH K. CHASANOW
              United States District Judge